**CENTRAL PRODUCE EL JIBARITO, Plaintiff,**

v.

**LUNA COMMERCIAL CORP., et al., Defendants.**

**Civil No. 12–1591 (FAB).**

United States District Court,
D. Puerto Rico.

July 30, 2012.

Rafael H. Zapata–Yordan, Duquela & Zapata, LLP, San Juan, PR, for Plaintiff.

Mayra Vanessa Estrella Perez–Valdivieso, Rovira–Rodriguez Law Offices, Coto Laurel, PR, for Defendants.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

Before the Court is plaintiff Central Produce El Jibarito, Inc.'s ("plaintiff" or "Central Produce") motion for reconsideration. (Docket No. 10.) For the reasons set forth below, plaintiff's motion for reconsideration is **DENIED**.

## PROCEDURAL HISTORY

On July 23, 2012, Central Produce filed a verified complaint against Luna Commercial, Corp.; Juan Luna, his wife Jane Doe, and the Legal Conjugal Partnership between them; Minerva Luna, her husband John Doe, and the Legal Conjugal Partnership between them; and Ines Flores, her husband Richard Roe, and the Legal Conjugal Partnership constituted between them (collectively, "defendants"). (Docket No. 1.) The complaint requests enforcement of payment from a trust created pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c) ("PACA"), and alleges that defendants have unlawfully dissipated PACA trust assets. (*See* Docket No. 1.) On the same date, plaintiff filed a motion for an *ex parte* TRO, (Docket No. 3), and a motion for a preliminary injunction, (Docket No. 4). On July 24, 2012, the Court issued an order denying plaintiff's request for an *ex parte* TRO. (Docket No. 9.) In that same order, the Court instructed plaintiff to file a memorandum of law by July 30, 2012, showing cause why the preliminary injunction should issue. *Id.* at p. 6. On July 25, 2012, plaintiff filed a motion for reconsideration of the Court's order. (Docket No. 10.) Plaintiff argues that defendants' failure to pay the money that they owe to plaintiff "should be enough for this Honorable Court to issue the TRO and the Preliminary Injunction requested ..." *Id.* at pp. 2–3. In addition, plaintiff requests that its motion for reconsideration also be considered as its memorandum showing cause why the preliminary injunction should issue. *Id.* at p. 3.

## DISCUSSION

### I. Legal Standards

#### A. Motion for Reconsideration

■■■ " 'The Federal Rules of Civil Procedure do not specifically provide for the filing of motions for reconsideration.' " *Sanchez–Perez v. Sanchez–Gonzalez,* 717 F.Supp.2d 187, 193–94 (D.P.R.2010) (internal citations omitted). Any motions [sic] of consideration are usually decided pursuant to either Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") [1] or Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"). [2] *See In re Spittler,* 831 F.2d 22, 24 (1st Cir.1987) (holding that even though the moving party did not state a particular rule that permits its motion, "it is settled in this circuit that a motion which asked the court to modify its earlier disposition of case because of an allegedly erroneous legal result is brought under Fed.R.Civ.P. 59(e)."); *see also Fisher v. Kadant, Inc.,*

---

1. Rule 59(e) provides in pertinent part that: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed.R.Civ.P. 59(e).

2. Rule 60(b) provides in pertinent part that: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ... (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; ... (6) any other reason that justifies relief.

589 F.3d 505, 512 (1st Cir.2009). A successful Rule 59(e) motion requires that a party "clearly establish a manifest error of law or [ ] present newly discovered evidence." *Markel Am. Ins. Co. v. Diaz-Santiago*, 674 F.3d 21, 32 (1st Cir.2012) (internal quotations and citations omitted). The motion cannot "raise arguments which could, and should, have been made before judgment [was] issued." *Fed. Deposit Ins. Corp. v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir.1992) (internal quotations omitted). Motions filed pursuant to Rule 59 are not "confined to the six specific grounds for relief found in Rule 60(b)." *Perez–Perez v. Popular Leasing Rental, Inc.*, 993 F.2d 281, 284 (1st Cir.1993). Conversely, the Rule 60(b) standard requires that a party "demonstrate 'at a bare minimum, that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the [ability] to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted.'" *Fisher*, 589 F.3d at 512.

 A motion is characterized pursuant to Rule 59(e) or Rule 60(b) based upon its filing date. *Perez–Perez*, 993 F.2d at 284. "If a motion is served within [twenty-eight][3] days of the rendition of judgment, the motion will ordinarily fall under Rule 59(e)." *Id.* Motions served after twenty-eight days are considered pursuant to Rule 60(b). *Id.* It is important to determine whether the motion for reconsideration is brought pursuant to Rule 59(e) or Rule 60(b) because a motion "for relief from judgment under Rule 60(b), unlike a motion to amend a judgment under Rule 59(e), does not toll the thirty-day appeal period." *Perez–Perez*, 993 F.2d at 283; *see also* App.R. 4(a)(4) (stating that if a

party files a motion to "alter or amend the judgment under Civ. R. 59," or a motion "for relief under Civ. R. 60 if the motion is filed no later than 28 days after the judgment is entered," then "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion"). The Court will first determine under which rule the plaintiff's motion should be regarded. Then, the Court will address plaintiff's arguments for reconsideration in turn.

## B. Federal Rule of Civil Procedure 65(b)

Federal Rule of Civil Procedure 65(b) ("Rule 65(b)"), governs the issuance of *ex parte* TRO's by a federal district court. *See* Fed.R.Civ.P. 65(b); Fed.R.Civ.P. 1. Rule 65(b) creates two prerequisites that must be satisfied in order for a Court to issue a TRO without notice to the adverse party. *See* Fed.R.Civ.P. 65(b). First, there must be "specific facts in an affidavit or verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed.R.Civ.P. 65(b)(1)(A). Second, the moving party's attorney must "certif[y] in writing any efforts made to give notice and the reasons why it should not be required." Fed.R.Civ.P. 65(b)(1)(B).

## II. Legal Analysis

### A. Plaintiff's Motion Implicates Rule 59(e)

 Plaintiff fails to state whether it is bringing its motion pursuant Rule 59(e) or Rule 60(b). (*See* Docket No. 10.) The Court issued an order denying plaintiff's request for an *ex parte* TRO on July 24,

---

**3.** A 2009 Amendment increased the filing time period from ten to twenty-eight days.

Fed.R.Civ.P. 59(e).

2012. (Docket No. 9.) Plaintiff filed its motion for reconsideration one day later, on July 25, 2012. (Docket No. 10.) Therefore, plaintiff filed its motion within the twenty-eight day time period provided by Rule 59. Fed.R.Civ.P. 59(e); *see also Perez–Perez*, 993 F.2d at 284 ("the litigant who gets his motion in on time enjoys the ... relief provided by Rule 59 ..."). Because the plaintiff timely filed its motion for reconsideration, Rule 59(e) is implicated for the analysis. *See id.* The Court will now address plaintiff's arguments for reconsideration.

## B. Plaintiff's Arguments for Reconsideration

Plaintiff argues that "[t]he current action is something more than a simple collection of monies case." (Docket No. 10 at p. 3.) Instead, it contends that it "is an action to recover monies illegally dissipated by [d]efendants from a statutorily constituted trust under PACA ..." *Id.* The purpose of PACA, they state, is "to protect the PACA creditor or beneficiary from further dissipation of the PACA Trust assets." Furthermore, it argues that when a "debtor does not pay the amounts owed when so demanded, he has breached his fiduciary duty and is in fact illegally dissipating the assets of the PACA Trust that should have been preserved for the PACA Creditor." *Id.* Therefore, the plaintiff argues that defendant's mere failure to pay is sufficient to show irreparable harm that the Court should issue a TRO and injunctive relief. *Id.* at p. 4. The Court finds plaintiff's argument unavailing in this case.

 PACA was enacted in the 1930s during the Great Depression. *Alphas Co., Inc. v. Dan Tudor & Sons Sales, Inc.,* 679 F.3d 35 (1st Cir.2012). Its purpose was to "suppress certain unfair and fraudulent practices in the marketing of fresh fruits and vegetables." *Id.* (internal citation omitted). In 1984, Congress amended the stat-

ute and created a statutory trust over "any goods, receivables, or proceeds from perishable agricultural commodities until the buyer makes full payment." *Hiller Cranberry Products, Inc. v. Koplovsky,* 165 F.3d 1, 5–6 (1st Cir.1999) (citing 7 U.S.C. § 499e(c)). Because of this amendment, "PACA creates a trust in favor of the seller of the unpaid goods which is superior to the interest of the buyer's secured lender." *Id.* at 6 (internal citation omitted).

In order to preserve one's benefits under a PACA trust, however, "a supplier of perishable agricultural goods must deliver *written* notice of his intent to preserve trust benefits to the debtor *and* to the United States Secretary of Agriculture within a certain period of time." *Id.* PACA provides that:

"The unpaid supplier, seller or agent *shall lose the benefits of such trust unless* such person has given written notice of intent to preserve the benefits of the trust to the commission merchant, dealer, or broker within thirty calendar days (i) after expiration of the time prescribed by which payment must be made, as set forth in regulations issued by the Secretary, (ii) after the expiration of such other time by which payment must be made, as the parties have expressly agreed to in writing before entering into the transaction, or (iii) after the time the supplier, seller, or agent has received notice that the payment instrument promptly presented for payment has been dishonored." 7 U.S.C. § 499e(c)(3) (emphasis added).

The Department of Agriculture also issued regulations which provide details as to what the unpaid supplier needs to include in its notice of intent. *See e.g.,* 7 C.F.R. § 46.46(f).

 The Court stated in its previous order that plaintiff provides no support for

plaintiff's allegation that defendants are dissipating assets of the PACA trust. (Docket No. 10 at p. 3.) Specifically, the Court indicated that plaintiff provided nothing other than inconsistent statements in its affidavit about whether it demanded payment and whether defendants responded to such demand. *Id.* at p. 4. In response, plaintiff mounts two arguments: (1) that the two circuit court of appeals cases that it cites state that "irreparable harm was proven when [a] PACA creditor did not receive payment when so demanded." (Docket No. 10 at p. 6.); and (2) that other courts in the District of Puerto Rico "ha[ve] constantly granted temporary restraining orders and preliminary injunctions against PACA Debtors" when there is a mere failure of defendants to pay funds when demanded pursuant to PACA. (Docket No. 10 at p. 7.) Neither of these arguments are convincing.

First, the Court has already stated that the case law cited by plaintiff suggests that plaintiff needs to provide specific facts in addition to the mere statement that defendants have failed to pay it. (Docket No. 10 at pp. 3–4); *see e.g., Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132, 134 (3d Cir.2000) (discussing how appellants submitted specific evidence of the "appellees' dissipation of the trust assets and precarious financial position" to the district court). In contrast, plaintiff's only support in this case is its statements in the affidavit; it provides no specific evidence of dissipation of trust assets.

Second, plaintiff argues that other courts in the District of Puerto Rico have found for plaintiffs when all that is presented is failure by defendants to pay funds when demanded. (Docket No. 10 at p. 7.) Plaintiff cites to four cases in the District of Puerto Rico for support. Plaintiff completely misrepresents these cases and fails to note, moreover, that in each of the cited cases, the plaintiff provided spe-

cific facts, such as the imminent sale or the closing of supermarkets by defendants as evidence to show that the defendants were likely dissipating assets. Furthermore, in nearly all of the cases, plaintiff's counsel attached the notice of intent sent to defendant and the United States Department of Agriculture to preserve plaintiff's benefits. In this case, plaintiff provided neither specific facts nor proof of a notice of intent mailed to both the defendants and the United States Secretary of Agriculture to preserve the benefits pursuant to PACA. *See* 7 U.S.C. § 499e(c)(3); *see also Hiller*, 165 F.3d at 5 (stating that suppliers must preserve benefits under a PACA trust via a delivered *written* notice of intent to the debtor and the United States Secretary of Agriculture within a specified period of time); *Tanimura*, 222 F.3d at 134 (stating that "appellants gave proper notice of intent to preserve their rights as beneficiaries to a PACA trust . . ."); *Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154, 156 (11th Cir.1990) (indicating that the "plaintiff served and filed the notice of intent required to preserve its trust benefits).

Plaintiff here has failed to provide specific facts regarding defendants' alleged failure to pay and alleged refusal to pay, and has failed to provide evidence that it filed the proper notice of intent with the allotted period of time. Accordingly, the Court **DENIES** plaintiff's motion for reconsideration, (Docket No. 10), of the Court's previous order, (Docket No. 9.)

## CONCLUSION

For the reasons described above, plaintiff's request for reconsideration is **DENIED**.

**IT IS SO ORDERED.**