# United States Court of Appeals
## For the First Circuit

No. 04-2654

JUDY E. MORRIS, M.D.,

Plaintiff, Appellant,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Michael A. Ponsor, U.S. District Judge]

Before

Boudin, Chief Judge,

Selya, Circuit Judge,

and Schwarzer,* Senior District Judge.

Jeffrey B. Rubin for appellant.

Patricia A. Peard, with whom Ronald W. Schneider, Bernstein, Shur, Sawyer & Nelson, Katherine A. Robertson and Bulkey, Richardson & Gelinas, LLP, were on brief for appellee.

December 6, 2005

*Of the Northern District of California, sitting by designation.

**Schwarzer**, **Senior District Judge**. Plaintiff Judy Morris appeals the district court's denial of her motion for reconsideration. The district court entered judgment for Morris under the Employee Retirement and Insurance Security Act, 29 U.S.C. §§ 1001-1461, granting her two years of payments on her claim for mental disability. It denied her claim for benefits for long-term disability based on chronic fatigue syndrome. Morris did not file a timely notice of appeal from the judgment. Instead, she filed two post-judgment motions attacking the court's decision, which the court denied.[1] Because Morris has not shown that the district court abused its discretion, we affirm the court's judgment.

## PROCEDURAL HISTORY

On March 23, 2004, the district court issued a Memorandum and Order awarding Morris two years of benefits for mental disability but denying her claim for benefits for physical disability. On the same day, the court entered judgment pursuant to the Order, awarding Morris $231,214.82. Morris did not appeal the judgment but instead filed a motion for reconsideration on April 5, within the ten-day period allowed by Federal Rule of Civil Procedure 59(e).[2] The district court denied that motion on

---

[1]In addition to two motions for reconsideration, Morris filed a motion titled "Plaintiff's Motion for Extension and Enlargement of Time for Filing of Postjudgment Motions; Request for Hearing (Preferably By Telephone); and Other Matters" that did not directly challenge the court's March 23, 2004 decision.

[2]Plaintiff styled her motion "Request for Judicial Notice of Disability and Preliminary Request for Reconsideration of the Court's March 23, 2004 Verdict. Request for a Hearing as an

April 21, but also granted Morris until May 28, 2004, "for the filing of any further post-judgment motions." On May 28, Morris informed the district court that she would be unable to file her post-judgment motions before June 1. On that day she filed a voluminous motion for reconsideration.[3] The district court denied that motion on October 21 and the next day entered a second judgment "pursuant to the Memorandum and Order of the Court entered October 21, 2004."[4] On November 5, Morris timely filed a notice of appeal "from the October 21, 2004 decision."

Morris has not appealed the merits judgment of March 23, 2004. The question is whether the denial of her motions for reconsideration was an abuse of discretion.

## DISCUSSION

Federal Rule of Civil Procedure 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." That time limit is mandatory. See Federal Rule of Civil Procedure 6(b) stating that the court "may not extend the time for taking any action under

---

Accommodation for My Disability."

[3]The motion was styled: "Motion/Memorandum/Affidavit in Support of Judgment as a Matter of Law, and/or New (Non-Jury) Trial, and/or Reconsideration, and/or Alteration or Amendment to Court's March 23, 2004 Final Judgment with Addition or Amendment to Court's Findings of Fact and Case Precident [sic] as Required by Law."

[4]The entry of a second judgment by the District Court clerk was presumably a clerical error.

Rule[] . . . 59(e)." It leaves the district court with "no power or discretion to modify it." <u>Vargas</u> v. <u>Gonzalez</u>, 975 F.2d 916, 917 (1st Cir. 1992). An untimely motion for reconsideration is therefore a nullity, at least for purposes of Rule 59(e). <u>Flint</u> v. <u>Howard</u>, 464 F.2d 1084, 1086 (1st Cir. 1972) (citing <u>Jusino</u> v. <u>Morales & Tio</u>, 139 F.2d 946 (1st Cir. 1944)).

Morris's April 5 motion for reconsideration was filed within the Rule 59(e) ten-day deadline. <u>See</u> Fed. R. Civ. P. 6(a). Morris did not appeal the April 21 denial of that motion, choosing instead to file a renewed motion for post-judgment relief. Even if the court's April 21 order were construed as leave to file further post-judgment motions, the court was without power to entertain a further Rule 59 motion. <u>See</u> <u>Feinstein</u> v. <u>Moses</u>, 951 F.2d 16, 19 (1st Cir. 1991) (holding that district court lacks power to enlarge time to file Rule 59(e) motion). The June 1 motion, therefore, was a nullity for Rule 59(e) purposes and the district court was without jurisdiction to grant it. <u>Air Line Pilots Ass'n</u> v. <u>Precision Valley Aviation, Inc.</u>, 26 F.3d 220, 224 (1st Cir. 1994); <u>Vargas</u>, 975 F.2d at 918.

The Supreme Court has acknowledged a limited exception allowing otherwise untimely appeals from post-judgment motions in "unique circumstances." <u>Thompson</u> v. <u>INS</u>, 375 U.S. 384, 387 (1964); <u>Air Line Pilots Ass'n</u>, 26 F.3d at 225. The district court's order allowing further post-judgment motions to be filed until May 28,

-4-

2004, however, did not excuse Morris's late filing of her notice of appeal. First, this Circuit has questioned the continued viability of the Thompson doctrine. Davignon v. Clemmey, 322 F.3d 1, 10 (1st Cir. 2003). Second, even if the doctrine remains viable, the district court's order did not create a "unique circumstance." "[C]ourts generally have insisted on the requirement that the doctrine applies only where a court has affirmatively assured a party that its appeal will be timely." United States v. Heller, 957 F.2d 26, 29 (1st Cir. 1992) (internal quotation marks omitted). The district court gave no such assurance. The April 21 Order, which merely gave leave to file "post-judgment motions," did not relieve Morris from the Rule 59(e) deadline.

Even if we were to view Morris's motion as having been timely made under Federal Rule of Civil Procedure 60(b), as we may, see United States v. One Urban Lot, 882 F.2d 582, 584-85 (1st Cir. 1989), the outcome would be the same. The June 1 motion did not assert any of the grounds for relief from judgment listed in Rule 60(b).

Although we do not reach the merits, our review of the record persuades us nonetheless that Morris's brief is totally lacking in any demonstration of error below and that "this is not a case where technical rules have immunized a miscarriage of justice." Flint, 464 F.2d at 1087.

## CONCLUSION

The judgment is affirmed.

**<u>Affirmed</u>**