# United States Court of Appeals
## For the First Circuit

No. 09-1495

TERRENCE FISHER ET AL.,

Plaintiffs, Appellants,

v.

KADANT, INC., ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Joseph L. Tauro, U.S. District Judge]

Before

Boudin and Selya, Circuit Judges,
and Laplante,* District Judge.

Kevin P. Roddy, with whom Lynne M. Kizis, Daniel R. Lapinski, Wilentz, Goldman & Spitzer, P.A., Scott R. Shepherd, Natalie Finkelman Bennett, Nathan C. Zipperian, James E. Miller, Laurie Rubinow, Shepherd, Finkelman, Miller & Shah, LLP, Robert T. Naumes, and Thornton & Naumes LLP were on brief, for appellants.
James W. Prendergast, with whom John G. Fabiano, Christopher B. Zimmerman, Adam J. Hornstine, and Wilmer Cutler Pickering Hale and Dorr LLP were on brief, for appellees Kadant, Inc. and Liberty Diversified Industries, Inc.
Edward W. Little, Jr., and McCarter & English, LLP on brief for appellee Kadant Composites LLC.

December 23, 2009

*Of the District of New Hampshire, sitting by designation.

**SELYA**, <u>Circuit Judge</u>. This appeal grows out of an action brought by four purchasers of allegedly defective products. Their complaint, filed in the United States District Court for the District of Massachusetts, sought class certification and the recovery of class-wide damages against the manufacturer, its parent, and a firm that had acquired its assets.

Confronted by dispositive motions, Fed. R. Civ. P. 12(b)(6), the district court dismissed the complaint for failure to state a claim upon which relief could be granted. The court entered judgment accordingly. The plaintiffs twice moved unsuccessfully to set aside the judgment and file an amended complaint. They now appeal only from the denial of the second of these post-judgment motions.[1]

This appeal requires us to decide what legal standard obtained with respect to the motion under review. That, in turn, requires us to decide an antecedent question: what effect, if any, does a passing reference to a possible future motion to amend, contained in an opposition to a motion to dismiss, have on the district court's authority to allow amendment of a dismissed complaint after the entry of judgment?

---

[1] All references in this opinion to the Civil Rules are to the Civil Rules as they stood prior to the 2009 amendments. We note, for the sake of completeness, that Rule 15(a) and Rule 59(e), both discussed <u>infra</u>, have been amended, effective December 1, 2009. These amendments are of no consequence for purposes of this appeal.

We hold that such a passing request is without effect in these circumstances. Thus, the plaintiffs must carry the burden of showing that they are entitled to relief from the previously entered judgment. They have not done so. Accordingly, we affirm the denial of their post-judgment motion (albeit on grounds different than those relied on by the lower court).

## I.  BACKGROUND

The plaintiffs filed their original complaint on December 27, 2007. They alleged that Kadant Composites LLC (Composites) manufactured and sold defective decking and railing products and failed to honor its concomitant warranty obligations. In addition, the complaint sought to pierce the corporate veil and recover against Composites's corporate parent, Kadant, Inc. (Kadant). Among other things, Kadant allegedly had attempted to deflect liability by (i) using Composites as its alter ego; (ii) selling Composites's assets to a subsidiary of Liberty Diversified Industries, Inc. (LDI) in a purportedly fraudulent transaction; and (iii) helping to set up a deliberately underfunded pool for paying out warranty claims. Finally, the complaint set forth breach-of-warranty claims against LDI.

Each defendant moved to dismiss the complaint for failure to state an actionable claim. Fed. R. Civ. P. 12(b)(6). The plaintiffs opposed the motions. They did not, however, avail themselves of their vested opportunity to amend as of right. See

-3-

Fed. R. Civ. P. 15(a) (providing that a plaintiff may amend his complaint once, as a matter of right, before an answer is filed); see also Connectu LLC v. Zuckerberg, 522 F.3d 82, 91, 95-96 (1st Cir. 2008) (illustrating operation of the rule). Nor did the plaintiffs file a motion for leave to amend their complaint. Instead, in the last line of their opposition to the motions to dismiss, they stated: "If and to the extent that this Court finds the Complaint deficient in any respect, Plaintiffs request leave to amend to plead additional facts to cure any deficiency."

In due course, the district court granted the Rule 12(b)(6) motions and dismissed the case. Fisher v. Kadant, Inc., No. 07-12375 (D. Mass. Nov. 19, 2008) (unpublished order). As to Composites, the court concluded that the plaintiffs had not sufficiently pleaded any of the asserted causes of action. As to Kadant, the court concluded that the plaintiffs had failed to plead facts sufficient to pierce Composites's corporate veil. And as to LDI, the court concluded that the plaintiffs had failed to plead facts sufficient to establish successor liability. In the absence of any pending motion for leave to file an amended complaint, the court entered judgment for the defendants. The plaintiffs have not appealed from the entry of this judgment and, thus, the correctness of the order of dismissal is not before us.

On December 4, 2008, the plaintiffs moved to reconsider the judgment and for leave to file an amended complaint. The

defendants objected.  The court denied the motion without prejudice on January 12, 2009, explaining that the plaintiffs had failed to proffer a proposed amended complaint along with their motion. Fisher v. Kadant, Inc., No. 07-12375 (D. Mass. Jan. 12, 2009) (unpublished order).  The plaintiffs have not appealed from the denial of this motion and, thus, the correctness of this order is not before us.

On January 27, 2009, the plaintiffs filed a renewed motion seeking the same relief.  This time, however, they annexed a proposed amended complaint to their motion.  The defendants again objected.  The district court analyzed this motion under the liberal pleading standard of Fed. R. Civ. P. 15(a) and found it wanting.  With respect to Kadant, the court determined that the proposed amended complaint did not adequately plead facts anent veil-piercing (alter ego liability).  Further, in the proposed amended complaint the plaintiffs dropped their claims against LDI but added claims against its subsidiary, LDI Composites Co. (the acquirer of Composites's assets).  The district court determined that, notwithstanding the change in parties, the proposed amended complaint did not adequately plead successor liability.  As to all of these claims, the court made an explicit finding that any further attempt to amend would be futile.

The court also rejected the plaintiffs' importuning that they should be allowed to assert new warranty claims against

-5-

Composites, noting that those claims were not supported by any new facts and, accordingly, should have been raised earlier in the litigation. Because the proposed amended complaint stated no actionable claim against any defendant, the court denied the plaintiffs' motion with prejudice. Fisher v. Kadant, Inc., No. 07-12375 (D. Mass. Mar. 3, 2009) (unpublished order).

The plaintiffs took a timely appeal from this order. In the appeal, the plaintiffs argue that the court below abused its discretion by denying their renewed motion for post-judgment relief. The defendants counter that the district court reached the right result even though the court applied too generous a legal standard in evaluating the motion. In this regard, the defendants reason that because the district court entered judgment before the filing of the motion, the court should not have looked to Rule 15(a) for guidance, but rather to the rules governing relief from judgment.

## II. ANALYSIS

As said, the plaintiffs have appealed only a single order: the district court's denial of the second motion for reconsideration. To determine the soundness of that order, we first must identify the governing legal standard. In undertaking that task, we are mindful that identifying the proper legal standard to be applied in ruling on a particular matter presents a question of law and, thus, the district court's identification of

the standard is subject to de novo review.  Vinick v. United States, 205 F.3d 1, 7 (1st Cir. 2000); Inmates of Suffolk County Jail v. Rufo, 12 F.3d 286, 291 (1st Cir. 1993).

Ordinarily, Rule 15(a) governs a motion to amend a complaint.  That rule directs that "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  If, however, a motion to amend is filed after the entry of judgment, the district court lacks authority to consider the motion under Rule 15(a) unless and until the judgment is set aside. See Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006); Maldonado v. Dominguez, 137 F.3d 1, 11 (1st Cir. 1998).  As long as the judgment remains in effect, Rule 15(a) is inapposite.

A good statement of this black-letter law is found in Acevedo-Villalobos v. Hernández, 22 F.3d 384 (1st Cir. 1994), in which we wrote: "Unless postjudgment relief is granted, the district court lacks power to grant a motion to amend the complaint under Rule 15(a)."  Id. at 389.  The rationale for the principle is unassailable: once judgment has entered, the case is a dead letter, and the district court is without power to allow an amendment to the complaint because there is no complaint left to amend.  Mirpuri v. ACT Mfg., Inc., 212 F.3d 624, 628-29 (1st Cir. 2000).

In the instant case, the plaintiffs did not file a motion to amend their complaint until December 4, 2008.  That was well after November 19, 2008, when the district court entered judgment.

Consequently, the district court lacked authority to entertain the motion to amend under the aegis of Rule 15(a) without first setting aside the judgment under some rule geared to the accomplishment of that task, say, Rule 59(e) or Rule 60(b).

This court's reasoning in James v. Watt, 716 F.2d 71 (1st Cir. 1983) (Breyer, J.), is especially instructive. There, the plaintiffs waited until after judgment had entered before moving for leave to amend their complaint. The court upheld a denial of the motion, explaining:

> To require the district court to permit amendment here would allow plaintiffs to pursue a case to judgment and then, if they lose, to reopen the case by amending their complaint to take account of the court's decision. Such a practice would dramatically undermine the ordinary rules governing the finality of judicial decisions, and should not be sanctioned in the absence of compelling circumstances.

Id. at 78.

In an effort to deflect the force of this precedent, the plaintiffs point out that, in their memorandum opposing the defendants' motions to dismiss, they made a passing request for leave to amend in the event that the court found the complaint wanting. The district court did not refer to this contingent request when granting the motions to dismiss, but it later ruled that because the plaintiffs had "initially raised the possibility of amending the Complaint before dismissal," their second post-

-8-

judgment motion should be treated "as a Rule 15(a) motion to amend the pleadings before judgment."

For present purposes, then, the controlling question is whether a contingent request to amend a complaint, contained in an opposition to a motion to dismiss, trumps the final judgment rule and reinstates the liberal standard of Rule 15(a) for the purpose of adjudicating a motion for post-judgment relief, the object of which is to put into play a new version of the complaint. We hold that it does not.

Here, as is often the case, past is prologue. In Gray v. Evercore Restructuring L.L.C., 544 F.3d 320 (1st Cir. 2008), this court dealt with the efficacy of such a contingent request to amend. There, the plaintiff's opposition to a motion to dismiss his complaint declared that "in the event that the Court finds that the Amended Complaint fails to state a claim, Plaintiff requests leave to replead." Id. at 327. We refused to treat this contingent request as the functional equivalent of a pre-judgment motion to amend; rather, we held flatly that such a "statement does not constitute a motion to amend a complaint." Id. We therefore concluded that the district court had no obligation to perform a Rule 15(a) analysis. Id.

Earlier case law in this circuit is to the same effect. See, e.g., ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 57 (1st Cir. 2008) (explaining that a contingent request to replead,

contained in an opposition to a motion to dismiss, "does not win the day for the plaintiffs" because, if honored, it "would lead to delays, inefficiencies, and wasted work"); Wayne Inv., Inc. v. Gulf Oil Corp., 739 F.2d 11, 15 (1st Cir. 1984) (holding that contingent request for leave to amend made in an opposition to motion to dismiss does not qualify as a motion to amend sufficient to preserve the amendment question for appeal).  What Judge (now Justice) Breyer wrote in James, quoted supra, is apropos here: allowing plaintiffs to hedge their bets by adding a cursory contingent request in an opposition to a motion to dismiss would encourage plaintiffs to test the mettle of successive complaints and freely amend under Rule 15(a) if their original strategic choices prove inadvisable.

The plaintiffs attempt to counterpunch by citing our decision in United States ex rel. Rost v. Pfizer, Inc., 507 F.3d 720 (1st Cir. 2007), abrogated on other grounds by Allison Engine Co. v. United States ex rel. Sanders, 128 S. Ct. 2123 (2008). There, the plaintiff appealed directly from the district court's dismissal of his complaint and argued that, if the decision were not reversed, he should at least be permitted to try anew by means of amending his complaint. Id. at 733.  In support, he noted that he had made a contingent request to amend prior to the entry of judgment. Id. at 734.  The court of appeals upheld the dismissal

of the complaint and, without much elaboration, remanded for further consideration of whether to permit amendment.  Id.

Rost is off point.  That case, unlike this one, involved an appeal from the granting of a motion to dismiss.  See id. at 723.  In that procedural posture, the court of appeals may, in its discretion and in the interests of justice, affirm the dismissal of the complaint, yet nonetheless permit further amendment of it.  See Viqueira v. First Bank, 140 F.3d 12, 20 (1st Cir. 1998); Degnan v. Publicker Indus., Inc., 83 F.3d 27, 29 (1st Cir. 1996); Rivera-Gomez v. de Castro, 843 F.2d 631, 636 (1st Cir. 1988).  Rost came to the court of appeals in this posture — and the existence of the contingent request to amend was merely one of the factors that bore on the exercise of the appellate court's discretion.  Cf. Gray, 544 F.3d at 327 (cautioning that "[t]here may be exceptional circumstances in which a [pre-judgment] request to amend will become the functional equivalent of a motion to amend").

The case at hand is a horse of a different hue.  Here, the plaintiffs did not appeal from the order of dismissal.  Thus, this case presents an entirely different question — a question dealing with the legal standard that a district court should employ in adjudicating a motion for reconsideration filed after the entry of judgment.  The Rost court did not deal with this question (indeed, the plaintiff there had not filed any post-judgment motion).  To apply Rost to the materially different configuration

-11-

of this case would undercut the procedural protections erected by the Civil Rules to safeguard the finality of judgments.  See, e.g., Fed. R. Civ. P. 59(e), 60(b).

That ends this aspect of the case.  We hold that a passing request for contingent leave to file an amended complaint, made in an opposition to a motion to dismiss, is insufficient, in and of itself, to bring a post-judgment motion for reconsideration within the orbit of Rule 15(a).  Put another way, such a request is without effect where, as here, no appeal is taken from the granting of the underlying motion to dismiss.  Consequently, the plaintiffs' contingent request, embodied in a single sentence at the tail end of their lengthy and heated opposition to the defendants' motions to dismiss, did not transmogrify their post-judgment motion for reconsideration into a Rule 15(a) motion.  Accordingly, the denial of that motion must be evaluated under the more stringent requirements that apply to motions for relief from judgment.  Only if the plaintiffs have satisfied those requirements will we have occasion to decide whether the district court abused its discretion in denying leave to amend under Rule 15(a).

In their motion for reconsideration, the plaintiffs mention two such rules: Rule 59(e) and Rule 60(b).  The former rule provided at the relevant time, see supra note 1, that a "motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  This time

limit is mandatory.  See Fed. R. Civ. P. 6(b) (prohibiting any extension of time under Rule 59(e)).  An untimely motion under Rule 59(e) is a nullity.  Morris v. Unum Life Ins. Co., 430 F.3d 500, 502 (1st Cir. 2005).

The plaintiffs filed their first motion for reconsideration on December 4, 2008.  Viewed as a Rule 59(e) motion, that motion was timely; that is, the motion was filed within ten business days after the district court's entry of judgment.  But that motion is not before us: the district court denied it without prejudice because it did not contain a proposed amended complaint, and the plaintiffs did not appeal from that order.[2]

This brings us to the plaintiffs' second (renewed) motion for reconsideration — a motion that likewise sought relief from the underlying judgment of dismissal.  The plaintiffs filed that motion

---

[2] The district court had the authority to reserve decision on the first motion to reconsider and allow the plaintiffs to supplement it with a proposed amended complaint.  That step would have preserved the motion's timeliness.  See, e.g., Dresdner Bank AG v. M/V Olympia Voyager, 465 F.3d 1267, 1271-72 (11th Cir. 2006); U.S. E. Telecomms., Inc. v. U.S. W. Info. Sys., 15 F.3d 261, 263 (2d Cir. 1994).  Here, however, that is not what the district court did; rather, it denied the motion.  The plaintiffs have not argued that the district court's order was the functional equivalent of allowing supplementation.  The fact that the order specified that the denial of the first motion was "without prejudice" did not render the second motion timely.  Cf. Chico-Velez v. Roche Prods., Inc., 139 F.3d 56, 59 (1st Cir. 1998) (holding that an untimely refiling of a complaint is not excused simply because the district court denied the initial filing without prejudice).

-13-

on January 27, 2009. Because this motion was not filed within the ten-day window that opened following the entry of judgment, the district court was without authority to consider it under Rule 59(e). See id. The fact that it was filed within ten days of the denial of the first motion for reconsideration makes no difference. See Acevedo-Villalobos, 22 F.3d at 390 (holding that even though movant filed second Rule 59(e) motion within ten days of denial of first such motion, second motion, which sought relief from the underlying judgment, was untimely because it was filed more than ten days after the entry of that judgment).

The plaintiffs' alternative basis for their second motion for reconsideration implicates Rule 60(b). Here, timeliness is not an issue: a motion under Rule 60(b) must be filed "within a reasonable time," Fed. R. Civ. P. 60(c)(1), and on certain grounds within one year from entry of the judgment, id. (identifying Fed. R. Civ. P. 60(b)(1)-(3)). Either way, the plaintiffs' second motion for reconsideration, when viewed as a Rule 60(b) motion, was timely.

Having isolated the only cognizable basis for the motion, we next focus the lens of our inquiry on the standard of review. An appellate court ordinarily reviews for abuse of discretion a trial court's denial of a motion brought pursuant to Rule 60(b).[3]

---

[3] Rule 60(b)(4), which permits relief from void judgments, implicates different standards of review. See Shank/Balfour Beatty v. Int'l Bhd. of Elec. Workers Local 99, 497 F.3d 83, 94 (1st Cir.

-14-

Cintrón-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 527 (1st Cir. 2002). Here, however, the district court did not review the motion under Rule 60(b) at all. In such a situation, one option is to remand to the district court for consideration under the correct standard. See, e.g., Colón-Santiago v. Rosario, 438 F.3d 101, 112 (1st Cir. 2006); John G. Alden, Inc. v. John G. Alden Ins. Agency of Fla., Inc., 389 F.3d 21, 25 (1st Cir. 2004).

In this case, we conclude that remand would be an empty gesture. The district court applied a more relief-friendly standard than that which obtains under Rule 60(b) — the Rule 15(a) standard — yet nonetheless denied relief. When, as in this case, the trial court uses a standard that is more generous than the correct standard yet determines that the party seeking relief cannot prevail, the court of appeals is free to conclude that the same result would obtain under the less generous standard (and, thus, need not remand). See, e.g., TMF Tool Co. v. Siebengartner, 899 F.2d 584, 588 n.4 (7th Cir. 1990).

Here, moreover, there is a second reason why remand is unnecessary. The plaintiffs have not made a prima facie showing of the elements needed to secure Rule 60(b) relief. This, then, is an

2007). The present plaintiffs have not argued that the judgment against them is void, and nothing in our discussion of the plaintiffs' Rule 60(b) motion is meant to refer to motions under Rule 60(b)(4).

-15-

appropriate case for application of the principle that even if the district court employs an incorrect legal standard, the court of appeals, in lieu of remanding, may affirm the challenged ruling on an alternate ground that is evident in the record.  See, e.g., InterGen N.V. v. Grina, 344 F.3d 134, 141 (1st Cir. 2003); Inmates of Suffolk County Jail, 12 F.3d at 291; Amman v. Stow Sch. Sys., 982 F.2d 644, 649 (1st Cir. 1992); cf. Societe Des Produits Nestle, S.A. v. Casa Helvetia, Inc., 982 F.2d 633, 642 (1st Cir. 1992) (concluding that, in lieu of remanding based on the district court's use of an improper legal standard, the court of appeals may apply the district court's key findings of fact to the correct standard).

The Rule 60(b) standard is familiar.  Success under that rule requires more than merely casting doubt on the correctness of the underlying judgment.  See Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002).  Rather, Rule 60(b) relief is "extraordinary in nature" and, thus, "motions invoking that rule should be granted sparingly."  Id.  A party seeking relief under Rule 60(b) must demonstrate "at a bare minimum, that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted."  Id.

Rule 60(b) is not a monolith. It provides that the court may relieve a party from a final judgment on any of six enumerated grounds. See Fed. R. Civ. P. 60(b)(1)-(6). The plaintiffs suggest two bases for invoking Rule 60(b). We address these suggestions separately.

First, the plaintiffs assert that they are entitled to relief from judgment based on newly discovered evidence. They claim to have adduced this newly discovered evidence through their counsels' eleven-month investigation between the commencement of the action and the service of their sequential motions for reconsideration.

Motions for relief from judgment based upon newly discovered evidence are typically analyzed under Rule 60(b)(2). See, e.g., Karak, 288 F.3d at 19. Although the plaintiffs do not explicitly invoke subsection (2) of Rule 60(b) in their briefs on appeal,[4] we have previously declared, and today reaffirm, that post-judgment relief will not normally be denied for the movant's failure to designate the proper subsection of Rule 60(b). See Mitchell v. Hobbs, 951 F.2d 417, 421 n.5 (1st Cir. 1991); see also Acevedo-Garcia v. Vera-Monroig, 368 F.3d 49, 54 (1st Cir. 2004) (reviewing defendants' post-judgment motion under Rule 60(b)(6)

_____

[4] The plaintiffs' failure to develop this argument in their briefs may well constitute either a waiver or a forfeiture. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). We give them the benefit of the doubt and assume for argument's sake that no waiver or forfeiture transpired.

-17-

even though defendants did not cite that subsection in their motion).

Moving to the substance of the claim, we find it unpersuasive. The customary practice is to investigate first and sue later, not vice-versa. In any event, "a party who seeks relief from a judgment based on newly discovered evidence must, at the very least, offer a convincing explanation as to why he could not have proffered the crucial evidence at an earlier stage of the proceedings." Karak, 288 F.3d at 19-20.

Here, the plaintiffs have not offered any cogent reason why they could not, in the exercise of due diligence, have obtained the evidence earlier. Nor have they offered a plausible explanation as to why they failed to seek leave to amend their complaint based on this evidence before judgment entered. That a strategic choice may have backfired is not a ground for relief from judgment.

The plaintiffs' second asserted basis for relief implicates Rule 60(b)(1). This rule provides that the district court may grant relief from a judgment based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The plaintiffs do not focus on their own inadvertence or neglect but, rather, allege that this rule applies because the district court made a mistake. This alleged mistake has two closely related aspects: the court (i) overlooked the plaintiffs'

-18-

contingent request to amend, made at the tail end of their opposition to the motions to dismiss, and (ii) neglected to rule on that request before entering final judgment.[5]

The district court's actions cannot reasonably be termed "a mistake." We were presented with the same situation in <u>Gray</u>, in which the district court did not make any reference to a passing request to preserve a contingent future right to amend, memorialized only in the plaintiffs' opposition to several simultaneous motions to dismiss. We held that the passing request was not tantamount to a motion to amend and, thus, because the plaintiff had failed to move for leave to amend, "the district court cannot be faulted for failing to grant such leave <u>sua sponte</u>." <u>Gray</u>, 544 F.3d at 327. The same is true here: the district court did not make a "mistake" in failing to grant leave to amend before dismissing the case because no motion to amend was pending at that time.

---

[5] The courts of appeals do not agree on what circumstances entitle a party to Rule 60(b)(1) relief based on an error of the court. <u>See</u> 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 2858, at 293-95 (2d ed. 1995). Some courts hold that the term "mistake," as used in Rule 60(b)(1), applies to errors of the court, including errors of law. <u>See</u>, <u>e.g.</u>, <u>United States</u> v. <u>Reyes</u>, 307 F.3d 451, 455 (6th Cir. 2002); <u>Cashner</u> v. <u>Freedom Stores, Inc.</u>, 98 F.3d 572, 576 (10th Cir. 1996). Conversely, this court has held that an error of law cannot be regarded as a "mistake" within the purview of Rule 60(b)(1). <u>See</u> <u>Silk</u> v. <u>Sandoval</u>, 435 F.2d 1266, 1267 (1st Cir. 1971). This case does not require us to delve into this distraction.

We need go no further.  The short of it is that there are no exceptional circumstances here such as would justify the granting of extraordinary relief.

**III.  CONCLUSION**

To summarize, the plaintiffs have not shown any cognizable basis for granting relief from judgment.  Consequently, we may simply affirm the only order appealed from — the order denying the plaintiffs' renewed motion for reconsideration — without reaching the logically subsequent question of whether the district court abused its discretion in denying leave to amend under Rule 15(a).

**<u>Affirmed</u>**.