# United States Court of Appeals
## For the First Circuit

No. 13-1098

JAMES DAMON,

Petitioner, Appellant,

v.

UNITED STATES OF AMERICA,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. John A. Woodcock, Jr., U.S. District Judge]

Before

Howard, Stahl and Thompson,
Circuit Judges.

Virginia G. Villa, Assistant Federal Defender on brief for appellant.
Margaret D. McGaughey, Assistant United States Attorney, and Thomas E. Delahanty, United States Attorney, on brief for appellee.

October 3, 2013

**HOWARD, Circuit Judge**.  After James Damon pleaded guilty to possession of a firearm by a felon, the district court determined that he had two prior felony convictions for a crime of violence and a controlled substance offense and accordingly sentenced him under a higher Guideline range.  Two years later, in the wake of the Supreme Court's decision in Johnson v. United States, 559 U.S. 133 (2010), we held in United States v. Holloway, 630 F.3d 252 (1st Cir. 2011), that a Massachusetts conviction for assault and battery——one of Damon's two prior convictions on which the district court relied——is not categorically a crime of violence.  Damon unsuccessfully moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  We hold that Damon's claim is procedurally defaulted and therefore affirm the district court's denial of his petition.

## I.

On December 1, 2008, Damon pleaded guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g).  Following Damon's guilty plea, the Probation Office prepared a Presentence Report (PSR) that recommended a Guideline base offense level of 24 under U.S.S.G. § 2K2.1(a)(2) on the basis of Damon's prior Massachusetts convictions for possession of marijuana with intent to distribute in 2005 and for assault and battery in 2006.[1]

---

[1]Guideline 2K2.1(a)(2) provides a base offense level of 24 "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of

In his objections to the PSR, Damon did not challenge the designation of his assault-and-battery conviction as a crime of violence, nor did he object to it at his sentencing on May 12, 2009. At sentencing, following the PSR, the district court began with a base offense level of 24, added two levels for the number of firearms involved in the offense, and reduced by three levels for acceptance of responsibility to arrive at a total offense level of 23 and a corresponding Guideline range of 70 to 87 months' imprisonment. The court sentenced Damon to 70 months' imprisonment and three years' supervised release. Damon unsuccessfully appealed his sentence to this court, but did not mount any challenge to the district court's reliance on the Massachusetts assault-and-battery conviction as a crime of violence. See United States v. Damon, 595 F.3d 395 (1st Cir. 2010).

Damon timely filed this section 2255 petition on February 14, 2011, not long after we, relying on the Supreme Court's decision in Johnson, held in Holloway that a Massachusetts conviction for assault and battery is not categorically a violent felony.[2] Damon accordingly contended in his petition that his base

_____

violence or a controlled substance offense"; for defendants with only one such conviction, section 2K2.1(a)(4) prescribes a base offense level of 20.

[2]Holloway involved the statutory definition of "violent felony" under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B). We recognized the ACCA term "violent felony" and the Guideline term "crime of violence" as "nearly identical in meaning," and stated that "decisions construing one term inform the

offense level should have been 20, his total offense level 19, and his resulting Guideline range 46 to 57 months.

Agreeing with the magistrate judge's recommended decision, the district court denied Damon's petition on several grounds, including that <u>Johnson</u> and <u>Holloway</u> did not apply retroactively to cases on collateral review, that Damon's claim was procedurally defaulted, and that Damon's claim of Guideline error did not in any event allege a "complete miscarriage of justice" cognizable under section 2255. The district court certified the following issues for appeal under 28 U.S.C. § 2253(c):

> (1) whether Mr. Damon's claims are procedurally defaulted; (2) whether <u>Johnson</u> applies retroactively; (3) whether a guideline miscalculation that results in a sentence within the proper statutory range satisfies the complete miscarriage of justice standard; (4) whether a claim of actual innocence may be based on a legal as opposed [to] factual error; and (5) whether in the circumstances of this case a seventy-month sentence represents a complete miscarriage of justice.

This appeal followed.

## II.

The government no longer argues that <u>Johnson</u> does not apply retroactively. Nevertheless, this concession does not change the outcome. Damon's acknowledged failure to object to the crime-of-violence determination either at sentencing or on direct appeal dooms his petition.

---

construction of the other." <u>Holloway</u>, 630 F.3d at 254 n.1 (citations and quotation marks omitted).

Section 2255 contemplates four potential bases on which a federal prisoner may obtain relief: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Damon does not allege a constitutional error or lack of jurisdiction, nor did his 70-month Guideline sentence exceed the ten-year statutory maximum under 18 U.S.C. § 924(a)(2). Accordingly, he challenges his sentence under the portions of section 2255 granting relief from sentences "in violation of the . . . laws of the United States" or "otherwise subject to collateral attack."

For non-constitutional, non-jurisdictional claims raised in a section 2255 petition, the Supreme Court has stated that "the appropriate inquiry [is] whether the claimed error of law [is] 'a fundamental defect which inherently results in a complete miscarriage of justice,' and whether '(i)t . . . present(s) exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.'" Davis v. United States, 417 U.S. 333, 346 (1974) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). In Knight v. United States, 37 F.3d 769, 773 (1st Cir. 1994), applying Hill's miscarriage-of-justice standard, we cited several cases from other circuits concluding that "errors

-5-

in the application of the sentencing guidelines . . . are not cognizable under § 2255." But the petitioner's claim in Knight was also barred by procedural default, and we explicitly declined to "hold that an error in the application of the sentencing guidelines could never constitute a 'complete miscarriage of justice'" cognizable under section 2255. Id. at 773-74.

In recent years, a split has emerged between the Seventh, Eighth, and Eleventh Circuits on this longstanding question. In Sun Bear v. United States, 644 F.3d 700 (8th Cir. 2011) (en banc), the Eighth Circuit held that erroneous designation as a career offender cannot be challenged under section 2255 even by a petitioner who raised the issue on direct appeal and avoided procedural default. The Seventh Circuit held the contrary in Narvaez v. United States, 674 F.3d 621 (7th Cir. 2011), but later, in Hawkins v. United States, 706 F.3d 820 (7th Cir. 2013), opinion supplemented on denial of reh'g, 724 F.3d 915 (7th Cir. 2013), limited the holding of Narvaez to defendants sentenced before United States v. Booker, 543 U.S. 220 (2005), made the Guidelines advisory. (Damon, like the petitioner in Hawkins, was sentenced under the post-Booker advisory Guidelines regime.) Most recently, after the submission of briefs in this case, the Eleventh Circuit disagreed with Hawkins and held in Spencer v. United States, No. 10-10676, 2013 WL 4106367 (11th Cir. Aug. 15, 2013), that erroneous

career offender designation is cognizable under section 2255 even in the case of a defendant sentenced after Booker.

We need not here resolve the interesting question that we left open in Knight and on which other circuits are divided.[3] Instead, we hold that Damon's Guideline error claim, like that of the petitioner in Knight, should have been brought on direct appeal and is thus procedurally defaulted.

Under the longstanding "procedural default" rule, "[a] nonconstitutional claim that could have been, but was not, raised on appeal, may not be asserted by collateral attack under § 2255 absent exceptional circumstances." Knight, 37 F.3d at 772 (citations omitted); see also United States v. Frady, 456 U.S. 152, 165 (1982) ("[A] collateral challenge may not do service for an appeal." (citations omitted)). In such cases, "[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" Bousley v. United States, 523 U.S. 614, 622 (1998) (citations omitted). To be sure, the latter exception may not even apply to claims of non-constitutional error in the

---

[3]Moreover, we do not decide whether the reasoning of Spencer and Narvaez in any event should be extended beyond misapplication of the severe career offender Guideline to errors having less substantial effects, like the one alleged here. See, e.g., Spencer, 2013 WL 4106367, at *7 ("[E]rroneous career offender categorization is not 'ordinary' or 'garden-variety' Guideline error.").

imposition of a non-capital sentence, an issue that we also do not address today, since it is clear in any event that Damon's petition does not qualify under either exception.[4]

Damon first suggests that he had "cause" for not raising the crime-of-violence challenge at sentencing and on direct appeal because then-binding precedent in this circuit treated a Massachusetts assault-and-battery conviction as a categorical crime of violence.  See United States v. Mangos, 134 F.3d 460, 464 (1st Cir. 1998), abrogated by Holloway, 630 F.3d at 254-55.

The Supreme Court considered and rejected a comparable argument in Bousley, where the petitioner asserted that he had cause for his procedural default because "the legal basis for his

---

[4]The Supreme Court has applied the actual innocence exception in cases involving constitutional error where the petitioners alleged actual innocence of the crime of conviction, see Schlup v. Delo, 513 U.S. 298, 321 (1995), or actual innocence of a capital sentence, see Sawyer v. Whitley, 505 U.S. 333, 336 (1992), but the Court has declined to address whether the exception also applies to non-capital sentences, see Dretke v. Haley, 541 U.S. 386, 393 (2004).  At least two circuits have extended the exception to non-capital sentencing error.  See Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 171 (2d Cir. 2000); United States v. Mikalajunas, 186 F.3d 490, 495 (4th Cir. 1999).  (Mikalajunas, like this case, involved a non-constitutional claim of Guideline error.)  Two other circuits, on the other hand, have limited it to capital sentences.  See Embrey v. Hershberger, 131 F.3d 739, 740 (8th Cir. 1997) (en banc) ("[W]e think that Sawyer, in terms, applies only to the sentencing phase of death cases."); United States v. Richards, 5 F.3d 1369, 1371 (10th Cir. 1993) ("A person cannot be actually innocent of a noncapital sentence. . . ." (citations omitted)).  Like the Eleventh Circuit in McKay v. United States, 657 F.3d 1190, 1198 (11th Cir. 2011), we may assume solely for argument's sake in this case that the actual innocence exception extends to non-constitutional Guideline errors in non-capital sentencing.

-8-

claim was not reasonably available to counsel" at the time he pleaded guilty. 523 U.S. at 622 (quotation marks omitted). Citing its earlier decision in Reed v. Ross, 468 U.S. 1, 16 (1984), the Supreme Court reiterated that in order to constitute cause for a procedural default, a claim must be "so novel that its legal basis is not reasonably available to counsel," and found the petitioner's claim lacking in novelty. Id. (quotation marks omitted). Moreover, adverse precedent alone did not render the petitioner's claim "unavailable": "[F]utility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." Id. at 623 (quotation marks omitted) (quoting Engle v. Isaac, 456 U.S. 107, 130 n.35 (1982)).

Damon's claim may have been futile under Mangos, but it was not novel. Much as the Bousley Court noted that "at the time of petitioner's plea, the Federal Reporters were replete with cases" raising the petitioner's allegedly "unavailable" claim, 523 U.S. at 622, so our decision in Holloway catalogued a number of previous cases, all argued and decided prior to Damon's sentencing, in which defendants had unsuccessfully challenged our holding in Mangos. See Holloway, 630 F.3d at 254 (citing United States v. Rivera, 562 F.3d 1, 2 (1st Cir. 2009); United States v. Holloway, 499 F.3d 114, 118 (1st Cir. 2007); United States v. Estevez, 419 F.3d 77, 82 (1st Cir. 2005); United States v. Santos, 363 F.3d 19, 23 (1st Cir. 2004)). Moreover, the Supreme Court had reshaped the

definition of "violent felony" and "crime of violence"[5] in the years prior to <u>Johnson</u>. <u>See, e.g.</u>, <u>Chambers</u> v. <u>United States</u>, 555 U.S. 122 (2009); <u>Begay</u> v. <u>United States</u>, 553 U.S. 137 (2008); <u>James</u> v. <u>United States</u>, 550 U.S. 192 (2007). Given both the evolving Supreme Court caselaw and the number of comparable, albeit unsuccessful, challenges raised by previous defendants, Damon did not have cause for failing to raise the issue. <u>Cf.</u> <u>Lindsey</u> v. <u>United States</u>, 615 F.3d 998, 1000-01 (8th Cir. 2010) (rejecting petitioner's argument that adverse circuit precedent was cause for failing to argue that his DUI conviction was not a crime of violence prior to the Supreme Court's decision in <u>Begay</u>).

Assuming that the "actual innocence" exception is even applicable in this context, Damon's argument that he is "actually innocent" of his sentence fares no better. Once again, <u>Bousley</u> provides clarification: "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." 523 U.S. at 623 (citation omitted); <u>see also, e.g.</u>, <u>McKay</u> v. <u>United States</u>, 657 F.3d 1190, 1198-99 (11th Cir. 2011) ("[F]or the actual innocence exception to apply in the noncapital sentencing context, a movant must show that he is <u>factually</u> innocent of the conduct or underlying crime that serves as the predicate for the enhanced sentence."); <u>United States</u> v. <u>Pettiford</u>, 612 F.3d 270, 284 (4th Cir. 2010) ("[A]ctual innocence

---

[5]<u>See</u> <u>supra</u> note 2.

applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes." (citation omitted)).[6]  That is not the case here.  As the district court stated, "Mr. Damon makes no claim that he is factually innocent of the underlying crime of assault and battery . . . and there is no suggestion he was not validly convicted"; nor was Damon "so unwise as to represent to the Court that he did not do what is stated in the police report."  Damon has not made a claim that is even colorably fact-based, such as that he is factually innocent of the type of assault and battery that qualifies as a crime of violence or that he was not convicted.  Because Damon contests only the categorization of his prior conviction as a crime of violence, he has not pleaded "actual innocence" as defined in Bousley.

---

[6]Another Fourth Circuit case relied upon by Damon, United States v. Maybeck, 23 F.3d 888 (4th Cir. 1994), is not to the contrary.  The petitioner in Maybeck mistakenly informed his Probation Officer that he had been previously convicted for armed burglary (a crime of violence), when in fact he had only been convicted for attempted third-degree burglary.  The Fourth Circuit excused the petitioner's procedural default because he was "actually innocent of being a career offender."  Id. at 892.  But as the Fourth Circuit later clarified in Pettiford, 612 F.3d at 283-84, Maybeck was a case of factual innocence in which the petitioner was not convicted of the predicate crime of violence at all.

-11-

## III.

The appellant has not established a basis for excusing his procedural default; we therefore **affirm** the denial of his petition.  The mandate will issue forthwith without prejudice to any petition for rehearing.  Any such petition shall be due on or before October 10, 2013.