**Aljadi LOPEZ–ROSARIO,
et al., Plaintiffs,**

**v.**

**PROGRAMA SEASONAL HEAD START/Early Head Start de la Diocesis De Mayaguez, Inc., et al., Defendants.**

**Civil No. 3:14–CV–01713 (JAF).**

United States District Court,
D. Puerto Rico.

Signed Oct. 27, 2015.

Carlos A. Caban–Rodriguez, Aguadilla, PR, Eugenio W.A. Geigel–Simounet, Law Offices of Wilfredo A. Geigel, St. Croix, VI, for Plaintiffs.

Jesus R. Morales–Cordero, San Juan, PR, for Defendants.

### ORDER ON SECOND MOTION TO RECONSIDER

JOSÉ ANTONIO FUSTÉ, District Judge.

## I.

### Introduction

On September 19, 2014, plaintiffs Aljadi López–Rosario ("López"), his wife Margie Torres–Montalvo, their conjugal partnership, and their son Aljadie López–Torres commenced this action by filing a complaint against defendants Programa Seasonal Head Start/Early Head Start de la Diócesis de Mayaguez, Inc. ("Programa"),[1]

---

1. Defendants aver that plaintiffs have sued them under the wrong corporate name and

that their correct corporate name is Centro De Desarrollo Familiar Seasonal Head Start/

its executive director Myrna Carrero, and its Board of Directors, alleging claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ *621 et seq.*, 42 U.S.C. §§ 1981, 1983, and 1985, and several Puerto Rico statutes. (ECF No. 1.) On December 12, 2014, defendants answered the complaint. (ECF No. 6.) On March 31, 2015, after the pleadings had closed, defendants moved the court to dismiss the complaint for failure to state a claim upon which relief can be granted. (ECF No. 13.)

On May 29, 2015, the court granted defendants' motion and dismissed the complaint. (ECF No. 21.) In particular, the court dismissed, without prejudice, the ADEA claim on the ground that plaintiffs had not pleaded exhaustion of administrative remedies. (ECF No. 21 at 5.) The court dismissed, with prejudice, the § 1981 and § 1985 claims, finding that the causes of action in those statutes do not apply to the facts alleged in the complaint. (ECF No. 21 at 6.) The court dismissed, with prejudice, the § 1983 claim because plaintiffs had failed to sufficiently plead state action. (ECF No. 21 at 6–9.) And, the court declined to exercise supplemental jurisdiction over the Puerto Rico law claims, having dismissed the federal-question claims. (ECF No. 21 at 9.) The court entered a judgment of dismissal on the same day. (ECF No. 22.)

By filings dated June 16, 2015, and June 29, 2015, plaintiffs moved the court to reconsider the dismissal of the complaint under Federal Rules of Civil Procedure 59(e) and 60(b). (ECF Nos. 23, 25.) Defendants opposed the motions. (ECF Nos. 24, 26.) On July 16, 2015, the court denied them. (ECF No. 27.) On August 14, 2015, plaintiffs once again moved the court

to reconsider the dismissal under Rules 59(e) and 60(b). (ECF No. 28.) Defendants again opposed the motion. (ECF No. 29.) Having taken a fresh look at the dismissal order, the court now sees that it was based, in part, on manifest legal error. The court, thus, grants plaintiffs' second motion to reconsider and restores some of the causes of action in the complaint.

## II.

### *Construction of Plaintiffs' Second Motion to Reconsider*

■ Plaintiffs' second motion to reconsider cites two rules under which the court might reconsider the dismissal of the complaint: Rules 59(e) and 60(b). (ECF No. 28 at 2–4.) The former rule provides that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed.R.Civ.P. 59(e). That time limit is "mandatory" and cannot be extended. *Fisher v. Kadant, Inc.*, 589 F.3d 505, 511 (1st Cir.2009) (citing Fed.R.Civ.P. 6[b] ). A second or successive motion under Rule 59(e), which again seeks "relief from the underlying judgment of dismissal," must still be filed within the 28–day window "that open[s] following the entry of judgment." *Id.* An untimely motion to reconsider under Rule 59(e) is a "nullity." *Id.* (citing *Morris v. Unum Life Ins. Co.*, 430 F.3d 500, 502 [1st Cir.2005] ).

■ Rule 60(b) provides that a "court may relieve a party or its legal representative from a final judgment, order, or proceeding" for several reasons. Fed. R.Civ.P. 60(b). A motion under Rule 60(b) must be made within either "a reasonable time" or "no more than a year after the entry of the judgment or order or the date

EHS Diócesis de Mayagüez Inc. (ECF No. 6 at 1.) But, because defendants admit that they are the organization against which plaintiffs' allegations are directed, the court will use the names interchangeably. (*See* ECF No. 6.)

of the proceeding," depending on the alleged ground of relief. Fed.R.Civ.P. 60(c)(1). A reconsideration motion that is untimely under Rule 59(e) is still "cognizable" if timely under Rule 60(b). *Fisher*, 589 F.3d at 511.

■ Here, the court finds that plaintiffs' second motion to reconsider is untimely under Rule 59(e) because plaintiffs filed it on August 14, 2015, which is more than twenty-eight days after entry of the judgment of dismissal on May 29, 2015. *See id.* But, the court also finds that the motion is nonetheless timely under Rule 60(b) and may be considered under that rule's standard of review. *See id.* at 511–12.

Plaintiffs do not identify under which subsection of Rule 60(b) they have brought the second motion to reconsider. (*See* ECF No. 28.) But, the motion clearly indicates that the court should reconsider the dismissal because it was predicated on rulings "contrary to law." (ECF No. 28 at 6, 7.) Moreover, the motion does not allege any inadvertence, surprise, excusable neglect, newly-discovered evidence, fraud by an opposing party, or other ground of relief specified in Rule 60(b). Accordingly, we conclude that the motion must have been brought under the subsections of Rule 60(b) that provide, in relevant part, that a court may relieve a party from a final judgment for reasons of "mistake" or "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(1), (b)(6).

### III.

### *Legal Standard for Rule 60(b) Motions*

■ "Rule 60(b) grants federal courts the power to vacate judgments 'whenever such action is appropriate to accomplish justice.'" *Bouret–Echevarria v. Caribbean Aviation Maint. Corp.,* 784 F.3d 37, 41 (1st Cir.2015) (quoting *Local No. 59 v.*

*Superline Transp. Co.,* 953 F.2d 17, 19 [1st Cir.1992] ). "One might, and some courts do, think that Rule 60(b)(1)'s reference to 'mistake' as a grounds for relief from judgment includes [a manifest] error of law." *Venegas–Hernandez v. Sonolux Records,* 370 F.3d 183, 189 (1st Cir.2004). Indeed, a supermajority of the courts of appeals have held that Rule 60(b)(1) permits relief from plain errors of law. *See* 12–60 Moore's Federal Practice–Civil § 60.41(4)(b) (only the First, Third, Fourth, and Eighth Circuits do not). After all, "why shouldn't a trial court be allowed to reconsider and correct its own legal errors without wasting the resources of the parties and the courts on the cumbersome and time-consuming process of an appeal?" *Id.* at § 60.41(4)(a). As Judge Friendly once famously wrote, Rule 60(b)(1) should be construed to allow trial courts to correct their own errors under certain circumstances because "no good purpose is served by requiring the parties to appeal to a higher court, often requiring remand for further trial proceedings, when the trial court is equally able to correct its decision." *Schildhaus v. Moe,* 335 F.2d 529, 531 (2nd Cir.1964) (Friendly, J.). Unfortunately, the First Circuit "decided th[e] question the other way in 1971," holding that Rule 60(b)(1) does not allow district courts to correct judgments "based on an error of law." *Venegas–Hernandez,* 370 F.3d at 189 (citing *Silk v. Sandoval,* 435 F.2d 1266, 1267–68 [1st Cir.1971] ). Although the Court has been critical of the consequences of its minority view, the Court has not reconsidered its position. *See id.* (observing that the Court's continued embrace of *Silk's* views on Rule 60[b][1] "could lead to uncorrected basic legal errors"). Thus, under First Circuit precedent, the court may not use Rule 60(b)(1) to correct its own manifest errors of law. *See Davila–Alvarez v. Escuela de Medicina Universidad Central del Caribe,*

257 F.3d 58, 63–64 (1st Cir.2001) ("Although many courts have indicated that Rule 60[b] motions should be granted liberally, this Circuit has taken a harsher tack").

 "Rule 60(b)(6) provides federal district courts with a residual reservoir of equitable power to grant discretionary relief from a final judgment . . . where such relief is appropriate to accomplish justice." *Paul Revere Variable Annuity Ins. Co. v. Zang*, 248 F.3d 1, 5 (1st Cir.2001). A court may invoke Rule 60(b)(6) to cure a manifest error of law if the error constitutes a "reason that justifies relief" not covered by any other subsection of the rule. *Rosaura Bldg. Corp. v. Municipality of Mayagüez*, 778 F.3d 55, 64 (1st Cir. 2015) (quoting Fed.R.Civ.P. 60[b][6]; and citing *Cotto v. United States*, 993 F.2d 274, 278 [1st Cir.1993] ). "[C]ourts considering motions under Rule 60(b)(6) ordinarily examine four factors: (1) the motion's timeliness, (2) whether exceptional circumstances justify extraordinary relief, (3) whether the movant can show a potentially meritorious claim or defense, which, if proven, could bring her success at trial, and (4) the likelihood of unfair prejudice to the opposing party." *Bouret–Echevarria*, 784 F.3d at 43 (citing *Superline*, 953 F.2d at 20).

## IV.

### *Analysis of Merits of Rule 60(b) Motion*

Plaintiffs' second motion to reconsider has been properly brought under Federal Rule of Civil Procedure 60(b)(6). After all, their claim of manifest legal error is not cognizable under any other subsection of Rule 60(b). *See Venegas–Hernandez*, 370 F.3d at 189. And, the court finds the second motion both timely and meritorious.

 "Motions brought pursuant to Rule 60(b)(6) are subject to a 'reasonable' time limit," the determination of which "requires a district court to examine when a movant could have filed [the] Rule 60(b)(6) motion." *Bouret–Echevarria*, 784 F.3d at 43. Here, the motion was timely. Plaintiffs filed the first motion to reconsider within one month of the dismissal. They then filed this motion to reconsider within one month of the denial of the first motion. There is nothing unreasonable about these one-month periods of time.

 "Relief under Rule 60(b)(6) requires a showing that exceptional circumstances justify extraordinary relief." *Id.* at 44 (citing *Superline*, 953 F.2d at 20). And, it is settled law that some errors of law are so "fundamental" and unjust that they do, indeed, present "exceptional circumstances" warranting such relief. *Damon v. United States*, 732 F.3d 1, 3 (1st Cir.2013) (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 [1974] ). Here, the court finds that the legal errors that led to the wrongful dismissal of the complaint present exceptional circumstances, especially since the legal grounds of dismissal were ones that the court had raised sua sponte, without briefing from the parties. In particular, the court erroneously held that we lacked "jurisdiction" to hear the ADEA claim because plaintiffs "did not attach a copy of an [EEOC] filing with their complaint." (ECF No. 21 at 5.) This issue was not one that defendants had raised. (*See* ECF No. 13.) Thus, plaintiffs were not on notice about its potential importance. Moreover, the court was wrong to hold that plaintiffs needed to attach an EEOC document to the complaint. The timely filing of a charge with the EEOC was only a condition precedent to the filing of this complaint. *See Walton v. Nalco Chem. Co.*, 272 F.3d 13, 21–22 (1st Cir.2001).

Plaintiffs were not required to specifically allege the filing of an administrative charge or the issuance of a right-to-sue letter, let alone attach any such document to the complaint. *See* Fed.R.Civ.P. 9(c). Indeed, the federal rules do not "expressly require[ ] that the performance or occurrence of conditions precedent be pled at all by a claimant." *Walton,* 272 F.3d at 22 n. 14 (quoting 2 James W. Moore, *Moore's Federal Practice* § 9.04[1] [3rd ed.1997] ).

 The court also erred in holding that the failure to exhaust administrative remedies constituted a jurisdictional bar to suit. *See Tapia–Tapia,* 322 F.3d at 745 n. 4 (citing *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 [1982] ). "[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Vazquez–Rivera v. Figueroa,* 759 F.3d 44, 49 (1st Cir.2014) (quoting *Zipes,* 455 U.S. at 393, 102 S.Ct. 1127). Regardless of whether defendants waived the issue by failing to raise it "with particularity" in either their answer or their motion to dismiss, it is clear that defendant simply have not raised exhaustion as an issue. *See Walton,* 272 F.3d at 21–22. Thus, there was absolutely no basis for this court to raise exhaustion sua sponte and then use it as a ground for dismissal. Taken together, these unforced legal errors constitute an exceptional circumstance.

 Next, "as a precondition to relief under Rule 60(b), (a party) must give the trial court reason to believe that vacating the judgment will not be an empty exercise." *Bouret–Echevarria,* 784 F.3d at 46 (quoting *Superline,* 953 F.2d at 20). Here, vacatur of the judgment will not be an empty exercise because the parties should have been able to litigate the suffi-ciency of the pleadings without the court's addition of a red herring.

 Finally, a court should not grant a Rule 60(b) motion if the non-movant can show that vacating the judgment would "unfairly prejudice" them. *Id.* But here, defendants will not suffer any prejudice from the restoration of the complaint, which this court had erroneously and prematurely dismissed. *See id.*

Accordingly, the court hereby grants plaintiffs' motion to reconsider.

## V.

### Reconsideration of Defendants' Motion to Dismiss

 Defendants brought their motion to dismiss "under Rule 12(b)(6) for failure to state a claim." (ECF No. 13 at 3.) Because the pleadings had already closed, the motion is properly classified as one "for judgment on the pleadings" under Rule 12(c). *See Silva v. Encyclopedia Britannica, Inc.,* 239 F.3d 385, 388 (1st Cir. 2001) (quoting Fed.R.Civ.P. 12[h][2] ). But, the standard of review remains "the same." *Remexcel Managerial Consultants, Inc. v. Arlequin,* 583 F.3d 45, 49 n. 3 (1st Cir.2009). Thus, the court will review the pleadings, "construing all factual allegations in the complaint in the light most favorable to the non-moving party to determine if there exists a plausible claim upon which relief can be granted." *Lister v. Bank of Am., N.A.,* 790 F.3d 20, 23 (1st Cir.2015) (citing *Wilson v. HSBC Mortg. Servs., Inc.,* 744 F.3d 1, 7 [1st Cir.2014] ). And, to prove a claim under the ADEA, a "plaintiff-employee must show: (1) that he was at least forty years old when he was fired; (2) that his job performance met the employer's legitimate expectations; (3) that he suffered an adverse employment action such as a firing; and (4) that the employer ... show[ed] a continuing need

for the services that he had been rendering." *Melendez v. Autogermana, Inc.*, 622 F.3d 46, 50 (1st Cir.2010).

The only challenge to the pleading of the ADEA claim that defendants raise in the motion to dismiss concerns plaintiffs' failure to allege that defendants are "employers" as defined in 29 U.S.C. § 630(b). (*See* ECF No. 13 at 8–9.) But, defendants do not cite any case law requiring such an allegation to sufficiently plead an ADEA claim. And, if any of the defendants is not an "employer," the issue should be raised in a motion for summary judgment based on an adequate citation to the record. Accordingly, the court finds that plaintiffs' ADEA claim should have survived the sole challenge in the motion to dismiss.

The court reaffirms its dismissal of plaintiffs' non-ADEA federal causes of action. The only illegality alleged in the complaint is age discrimination. (*See* ECF No. 1 ¶¶ 31–36.) And, "[t]he ADEA provides the exclusive federal remedy for age discrimination in employment." *Tapia–Tapia v. Potter*, 322 F.3d 742, 745 (1st Cir.2003) (citing *Zombro v. Baltimore City Police Dep't*, 868 F.2d 1364, 1369 [4th Cir. 1989]). Accordingly, the court once again dismisses, with prejudice, plaintiffs' non-ADEA federal claims.

Because the pleading of the ADEA claim has survived defendants' sole challenge to it, the court will continue to exercise supplemental jurisdiction over plaintiffs' Puerto Rico law claims. *See* 28 U.S.C. § 1367(a).

## VI.

### *The Road Ahead*

Defendants did not challenge the sufficiency of the pleadings on the ground that plaintiffs had failed to allege that López was "at least 40 years of age" at the time of the underlying event and thus was protected by the ADEA. *See* 29 U.S.C. § 631(a). Nor did defendants argue with particularity that plaintiffs have not exhausted their administrative remedies as to this particular claim against these particular defendants. *See* 29 U.S.C. § 626(d)(1). The court assumes that these oversights are due to defendants' knowledge of López's true age and plaintiffs' procedural compliance. Moreover, defendants answered the complaint in a manner that suggests that they deserve summary judgment. (*See, e.g.,* ECF No. 6 ¶¶ 11, 13, 15–16, 26, 31, 33.) Whether the pleadings are actually sufficient or the action can be summarily resolved are arguments best left to the filings of the parties.

## VII.

### *Conclusion*

In sum, plaintiffs' second motion to reconsider is **GRANTED**. (*See* ECF No. 28.) Upon reconsideration, defendants' motion to dismiss is **GRANTED** as to the non-ADEA federal claims and **DENIED** as to the ADEA and local-law claims. (*See* ECF No. 13.)

**IT IS SO ORDERED.**