# United States Court of Appeals
## For the First Circuit

No. 07-2588

STEPHEN S. GRAY, in his capacity as the Trustee of the
High Voltage Engineering Liquidating Trust,

Plaintiff, Appellant,

v.

EVERCORE RESTRUCTURING L.L.C.,
a Delaware Limited Liability Company;
JEFFERIES & COMPANY, INC., a Delaware Corporation;
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP,
a Delaware Limited Liability Partnership;
EVERCORE RESTRUCTURING L.P., a Delaware Limited Partnership,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, U.S. District Judge]

Before

Howard and Selya, Circuit Judges,
and Stafford,[*] Senior District Judge.

Mark L. Weyman, with whom Michael J. Venditto, Reed Smith LLP,
George W. Tetler, III, Mark W. Powers, and Bowditch & Dewey, LLP,
were on brief, for appellant.
Sabin Willett, with whom John J. Curtin, Jr., Rheba Rutkowski,
Francesca L. Miceli and Bingham McCutchen LLP, were on brief for
appellee, Fried, Frank, Harris, Shriver & Jacobson LLP.

---

[*]Of the District of Northern Florida, sitting by designation.

Alexandra A.E. Shapiro, with whom Robert J. Rosenberg, James Brandt, Henry P. Baer, Jr., Latham & Watkins LLP, Andrew Z. Schwartz, Adam M. Weisberger, and Foley Hoag LLP, were on brief, for appellee Jefferies & Company, Inc.

Joseph G. Blute, with whom Kevin M. McGinty, Nancy D. Adams, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., Mark Thompson, Elisha D. Graff, and Simpson Thacher & Bartlett LLP, were on brief, for appellee Evercore Restructuring LLC.

———————————————

October 6, 2008

———————————————

**HOWARD**, **Circuit Judge**.  In 2004, High Voltage Engineering Corporation (HVE), a Massachusetts corporation that was on the ropes financially, submitted a restructuring plan to a bankruptcy court in a Chapter 11 proceeding.  Although confirmed, the restructuring plan proved unsuccessful and HVE's businesses and assets were liquidated.

In 2006, the appellant in this case, a trustee representing the HVE liquidating trust,[1] filed a complaint in federal district court against various professionals who had assisted HVE with its restructuring efforts.  The defendants were financial advisors Evercore Restructuring L.L.C. (Evercore), and Jefferies & Company, Inc. (Jefferies), and legal counsel Fried, Frank, Harris, Shriver & Jacobson LLP (Fried Frank).[2]

The claims brought against Evercore and Fried Frank concern services they rendered in the bankruptcy proceedings.  Specifically, HVE alleges that Evercore and Fried Frank formulated and promoted an unworkable restructuring plan to the bankruptcy court.  The complaint charges both defendants with gross negligence and breach of fiduciary duty under Massachusetts law.

---

[1] The appellant, in his capacity as the trustee of the HVE liquidating trust, stands in the shoes of HVE and its various affiliates.  HVE and these affiliates are referred to in various parts of the complaint as the "2004 debtors."  We refer to the appellant as "HVE."

[2] After briefing and oral argument, one of the defendants -- Jefferies -- entered into a global settlement with HVE.  HVE subsequently discontinued the appeal as to Jefferies.

Evercore filed a motion for judgment on the pleadings (Fed. R. Civ. P. 12(c)), and Fried Frank filed a motion to dismiss (Fed. R. Civ. P. 12(b)(6)). These motions assert the defense of <u>in pari delicto</u>, among others. The defense, a refined form of finger-pointing, applies where the plaintiff is at least equally responsible for the wrong he seeks to remedy.[3]

The district court concluded that the <u>in pari delicto</u> defense defeated the claims against Evercore and Fried Frank. On appeal, HVE argues that the district court erred in dismissing its claims on these grounds. We disagree and affirm the rulings below.

## I. Facts

We sketch the facts here, fleshing them out where necessary to our discussion. We state the facts as they are set forth in HVE's amended complaint. <u>Palmer</u> v. <u>Champion Mortg.</u>, 465 F.3d 24, 25 (1st Cir. 2006).

This action stems from HVE's restructuring efforts. These efforts contemplated a Chapter 11 proceeding. To assist it with the restructuring efforts, HVE enlisted various professional entities including Evercore and Fried Frank.

As part of the Chapter 11 proceeding, HVE was required to submit a restructuring plan to the bankruptcy court. This plan included a slew of financial data. In due time HVE, Evercore, and

---

[3] The alleged "wrong" in this case is the formulation and promotion of an unworkable restructuring plan to the bankruptcy court.

-4-

Fried Frank presented the plan to the bankruptcy court for confirmation. When presented, however, the plan included stale financial data.

When HVE, Evercore, and Fried Frank filed the plan with the bankruptcy court they were all aware that the plan: (1) included outdated information, and (2) did not accurately reflect HVE's financial situation. The plan, however, was pitched to the court as feasible and confirmed. At the confirmation hearing, neither HVE, nor the defendants Evercore and Fried Frank, objected to the plan's confirmation. After the bankruptcy court confirmed the plan, Evercore and Fried Frank had no further involvement in HVE's restructuring efforts.

The plan proved infeasible and barely six months after confirmation HVE found itself in yet another bankruptcy proceeding. In this proceeding, the bankruptcy court appointed a Chapter 11 trustee who subsequently filed a liquidation plan.[4] This plan gave the trustee authority to pursue litigation claims on HVE's behalf.

The trustee, acting on HVE's behalf, filed a complaint in federal district court asserting claims of gross negligence and breach of fiduciary duty against Evercore and Fried Frank.[5] The

---

[4] The liquidation plan paid all administrative, secured, and unsecured claims in full with interest.

[5] Specifically, the complaint alleges: gross negligence against Evercore (Count V); breach of fiduciary duty against Evercore (Count VI); gross negligence against Fried Frank (Count VII); and breach of fiduciary duty against Fried Frank (Count VIII).

district court granted Evercore's motion for judgment on the pleadings and Fried Frank's motion to dismiss.

## II. Discussion

We review dismissals under Rule 12(b)(6) and judgments on the pleadings under Rule 12(c) de novo. See DeMayo v. Nugent, 517 F.3d 11, 13 (1st Cir. 2008). In doing so, we view the well-pleaded facts in the light most favorable to the non-moving party, drawing all reasonable inferences in its favor. Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (motion to dismiss); Curran v. Cousins, 509 F.3d 36, 43 (1st Cir. 2007) (motion for judgment on pleadings). "[T]o survive a Rule 12(b)(6) motion (and, by extension, a Rule 12(c) motion) a complaint must contain factual allegations that 'raise a right to relief above the speculative level.'" Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008) (citation omitted). Put differently, we will affirm a dismissal or judgment on the pleadings if the complaint fails to state facts sufficient to establish a "claim to relief that is plausible on its face." Trans-Spec Truck Serv. v. Caterpillar Inc., 524 F.3d 315, 320 (1st Cir. 2008) (citation omitted).

The district court relied on the affirmative defense of in pari delicto to dismiss HVE's claims against Evercore and Fried Frank. Where a court grants a Rule 12(b)(6) or Rule 12(c) motion based on an affirmative defense, the facts establishing that defense must: (1) be "definitively ascertainable from the complaint

and other allowable sources of information," and (2) "suffice to establish the affirmative defense with certitude." Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006).

Before proceeding to HVE's arguments, we briefly discuss the in pari delicto defense.[6] The defense has two components. It applies where "(i) the plaintiff, as compared to the defendant, bears at least substantially equal responsibility for the wrong he seeks to address and (ii) preclusion of the suit would not interfere with the purposes of the underlying law or otherwise contravene the public interest." Id. at 152. We refer to these parts as the "responsibility" and "public policy" components.

HVE contends that the district court erred in dismissing its complaint on in pari delicto grounds. It presents four arguments in support of this contention. Three of these relate to the responsibility component of the defense and the fourth concerns the defense's public policy component.

## A. Responsibility Component

First, HVE argues that the court erred in deciding the merits of the in pari delicto defense at the motion to dismiss/judgment on the pleadings stage. This is because, HVE

---

[6] The defense, which "has long been woven into the fabric of federal law," is recognized under Massachusetts law. Nisselson, 469 F.3d at 151-52 ("Massachusetts courts, like the federal courts, have warmly embraced the in pari delicto defense.") (citing cases).

posits, a more developed record was needed before the court could accurately assign responsibility among the various wrongdoers.

Second, HVE argues that even if the court in this case could accurately assign responsibility at this stage, the court erroneously concluded that HVE was at least equally responsible for the wrong. On this score, HVE argues that the professionals, by dint of their expertise, were clearly more responsible than HVE.

Third, HVE says that even if the court could legitimately conclude that HVE was at least equally responsible for the wrong, the court should not have applied the doctrine of in pari delicto because an exception to the doctrine -- the "adverse interest" exception -- applies in this case. This exception, if applicable, would absolve HVE from any wrongdoing by shifting the blame to its corporate management. The exception applies where the wrongdoing was "motivated by [management's] desire to serve [themselves] or a third party, and not the [corporation]." Baena v. KPMG LLP, 453 F.3d 1, 8 (1st Cir. 2006) (citing corporate "looting" as the classic example); see also Breeden v. Kirkpatrick & Lockhart LLP, 336 F.3d 94, 100 (2d Cir. 2003) ("[The] adverse interest exception is applied only when the agent has totally abandoned the principal's interests.") (internal quotation marks omitted)). HVE argues that its complaint indicates that HVE's management sought confirmation of the unworkable plan, not to benefit the company,

-8-

but rather in order to collect bonus payments contingent on the plan's confirmation.

HVE's arguments fail to persuade us. First, recent precedent in this circuit makes clear that the in pari delicto defense can be successfully asserted at the motion to dismiss stage so long as the facts establishing the defense are: (1) "definitively ascertainable from the complaint and other allowable sources of information," and (2) "suffice to establish the affirmative defense with certitude." Nisselson, 469 F.3d at 150. Both requirements are met in this case. It is evident from the face of the complaint, as drafted, that despite being aware that the plan was based on stale financial data and did not accurately reflect HVE's financial situation, HVE, Evercore, and Fried Frank all presented the plan to the bankruptcy court as workable.

With respect to the plan's incorporation of stale data, HVE alleges that (1) although it revised its financial forecasts prior to the plan's confirmation, the plan failed to reflect those revised forecasts and (2) it was aware at the time of the confirmation hearing that the plan it presented to the bankruptcy court failed to reflect a number of "significant variations from the post-confirmation cash requirements."

Additionally, HVE's complaint makes plain that it presented a plan it knew did not paint an accurate picture of its financial situation. HVE alleges that (1) despite the fact that

its chief executive officer had promised to pay a foreign non-debtor subsidiary approximately $ 10.2 million upon confirmation of the plan, the plan only allocated $ 2.4 million to this subsidiary and (2) a day before the confirmation hearing, HVE's chief financial officer informed "[HVE's] chief executive officer and [HVE's] post-Effective Date board of directors that the operating projections in [the plan] 'had underestimated the customers' reaction to the bankruptcy' and that this had materially affected [HVE's] collections."[7] HVE's complaint also adds, critically, that "[the professionals and HVE]. . . knew or should have known that [the plan] did not accurately depict [HVE's] financial situation immediately prior to the confirmation hearing."

Given these allegations in the complaint, HVE bears at least equal responsibility for the passage of an unworkable plan. See Baena, 453 F.3d at 6 (claims against accounting firm dismissed on in pari delicto grounds where corporation's management misstated its earnings despite fact that accounting firm knowingly tolerated and abetted the corporation's fraud).

Second, that HVE retained sophisticated professionals who were partly responsible for the passage of the plan does not change our analysis. Even where professionals are involved, the question is, at bottom, whether the plaintiff is at least equally

---

[7] We note here that apart from HVE's "adverse interest" exception argument, no party contests that the actions of HVE's management may be imputed to HVE.

responsible for the alleged wrong. Baena is instructive. In that case, a trustee, litigating on a corporation's behalf, filed a complaint against a professional accounting firm. Id. at 3. The complaint claimed that the professionals engaged in unfair or deceptive trade practices in violation of Mass. Gen. Laws ch. 93A, §§ 1-11 by tolerating and abetting a fraud committed by the corporation. Id. The fraud at issue was the corporation's misstatement of its earnings. Id. at 6. The complaint alleged that the professionals "knowingly tolerated [the corporation's] patently improper accounting practices." Id. at 4. But, in addition to these allegations, the complaint noted that the corporation's management, acting on the corporation's behalf, were knowing parties to the statements and oversaw and approved them. Id. at 7. Accordingly, we concluded that the doctrine of in pari delicto defeated the trustee's claim. Id. at 10.

Here, although the complaint alleges that the professionals placed their imprimatur on the faulty reorganization plan, thereby greasing the wheels of confirmation, it also reveals that HVE was fully aware that the plan which both it and the professionals touted as feasible suffered from inherent flaws. HVE cannot avoid the consequences of its own actions by shifting blame to its hired professionals.

Third, the "adverse interest" exception is not available to HVE.[8] Although HVE argues that its complaint indicates that its management sought confirmation of the plan in order to collect bonus payments, this is an unsupportable characterization of the complaint. The complaint states in relevant part: "Evercore revised the Sources and Uses to reflect nearly $ 3 million in unaccounted for expenses, including certain professional fees and bonus payments to [HVE's] management." Even read liberally, nothing in that allegation, or in the complaint as a whole, suggests that management sought confirmation based on a desire to serve themselves and not HVE. See Baena, 453 F.3d at 8. The bare fact that management received bonuses upon confirmation is not sufficient to establish the exception. See id. at 7-8 ("[T]hat the implicated managers also may have seen benefits to themselves [does not alone] make their interests adverse.") (emphasis added).

## B. Public policy component

HVE argues that dismissing this case would not serve the public interest for two reasons. First, dismissal would pardon professionals who betrayed their professional obligations, harmed third parties, and misinformed the bankruptcy court. Second, dismissing the case will make it impossible for other plaintiffs to

---

[8] Evercore and Fried Frank argue that HVE waived the "adverse interest" exception argument by not presenting it below. Because we resolve the merits in their favor, we need not decide the waiver question.

hold professionals retained in the bankruptcy context accountable for gross negligence and breaches of fiduciary duty.

HVE's public policy argument lacks force. Although HVE contends that dismissing the case will effectively pardon the professionals, in seeking to proceed with this lawsuit HVE asks for a pardon of its own. According to HVE's complaint, it sought the plan's confirmation despite being fully cognizant of the plan's shortcomings. Now, after the plan predictably failed to bear fruit, HVE seeks to recover from the professionals who facilitated its passage. For the court to entertain this dispute between equally culpable wrongdoers would waste valuable resources and would itself offend the public interest. See Nisselson, 469 F.3d at 151 (noting that the in pari delicto defense is grounded in part on the premise that "'courts should not lend their good offices to mediating disputes among wrongdoers'") (quoting Bateman Eichler, Hill Richards, Inc. v. Berner, 472 U.S. 299, 306 (1985)). As for HVE's second asserted reason, it exaggerates the precedential value of this case. The result here is driven by HVE's own allegations, and is thus limited to the circumstances of this case.

As a postscript, we note that HVE contends that the district court erred in denying it the opportunity to amend its complaint for the second time. Because HVE had already amended its complaint once as of right, any additional amendment required leave of court. See Fed. R. Civ. P. 15(a).

-13-

Although a court's denial of a motion to amend is typically reviewed for an abuse of discretion, in this case the district court neither granted nor denied a motion to amend. This is because HVE never moved to file a second amended complaint. Rather, in its omnibus opposition to the defendants' various dispositive motions, HVE stated "in the event that the Court finds that the Amended Complaint fails to state a claim, Plaintiff requests leave to replead." This statement does not constitute a motion to amend a complaint. See Confederate Memorial Ass'n v. Hines, 995 F.2d 295, 299 (D.C. Cir. 1993) ("a bare request in an opposition to a motion to dismiss –- without any indication of the particular grounds on which amendment is sought [,cf. Fed. R. Civ. P. 7(b)] –- does not constitute a motion within the contemplation of Rule 15(a)") (citation omitted) (alteration in original); see also Wayne Invest., Inc. v. Gulf Oil Corp., 739 F.2d 11, 15 (1st Cir. 1984) (concluding that plaintiff's assertion that it would request leave to amend if the court dismissed its complaint, which the plaintiff made in its memorandum in opposition to the defendant's motion to dismiss, did not "[constitute] a motion to amend the complaint sufficient to preserve the issue for appeal"). As HVE failed to request leave to amend, the district court cannot be faulted for failing to grant such leave sua sponte. See Confederate Memorial Ass'n, 995 F.2d at 299.

-14-

There may be exceptional circumstances in which a request to amend will become the functional equivalent of a motion to amend -- but no such circumstances are present here. In any event, even if we treated HVE's statement in its memorandum as a motion to amend, we would consider the court's implicit denial of this motion to be well within its discretion. To this day, HVE has failed to allege any facts that would suffice to avoid dismissal on in pari delicto grounds. See ACA Fin. Guar. Corp. v. Advest Inc., 512 F.3d 46, 57 (1st Cir. 2008). Moreover, given what is already alleged in the second amended complaint, in our view any additional amendment would be futile in this case. See Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 59 (1st Cir. 1990) (finding district court did not abuse discretion in denying leave to amend where "nothing [could] repair the holes in [the plaintiff's] case"); see also ACA Fin. Guar. Corp., 512 F.3d at 55-56 ("We defer to the district court's decision if any adequate reason for the denial is apparent on the record.") (internal quotations and citation omitted).

### III. Conclusion

For the reasons provided above, the judgment below is **affirmed**.